IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLIE K. YOUNG,  )  ) | |
| Petitioner,  )  ) | |
| vs.  ) | Case No. 21-cv-32-DWD |
|  ) | |
| PEOPLE OF THE STATE OF  )  ILLINOIS,  )  ) | |
| Respondent[1].  ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

On January 12, 2021, Petitioner Charlie K. Young, an inmate of the Illinois Department of Corrections, currently incarcerated at Shawnee Correctional Center in Vienna, Illinois, filed his *pro se* Petition for "National and World Habeas Corpus Proclamation of Jurisdiction" (Doc. 1), which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

---

[1] Petitioner has named the wrong respondent. Rule 2(a) of the Rules Governing § 2254 Cases requires that a petitioner name as respondent the state officer that has current custody over him. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

[2] Petitioner seeks his immediate release from custody pursuant to the judgment of an Illinois state court (Doc. 1); therefore, his Petition is properly addressed under 28 U.S.C. § 2254. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

1

must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that this action must be dismissed.

Young's Petition provides few specifics regarding his current term of imprisonment. However, the Judgment and Sentence attached to Young's Petition reveals that a guilty verdict was entered against Young in Jackson County, Illinois on October 16, 1979. Young was adjudged guilty on six counts: (I)-(III) armed robbery; (IV) rape; (V) deviate sexual assault, and (VI) aggravated kidnapping. Young was sentenced to 25 years for counts I and II, 60 years for counts III, IV, and V, and 30 years for count VI. According to the information currently available from the Illinois Department of Corrections, Young's projected parole date is January 19, 2033, with a projected discharge date of January 19, 2036.[3]

The presently available electronic docket in Young's Criminal Case, *People of the State of Illinois v. Charles King Young*, Case No. 79-CF-73 (1st Cir., Jackson County, Illinois)[4], also indicates that Young has actively engaged in post-judgment proceedings since his conviction. While there appears to be a gap in available records from May 4, 1979 to August 10, 1983, the docket information reveals that Young has challenged his judgment and sentence before the Illinois courts. *See* Criminal Case, Docket Entry dated August 30, 2017 ("The body of the defendant is held by the State of Illinois pursuant to the judgment entered in this case and respectively reviewed and affirmed by the Courts of this State!").

---

[3] *See* https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited May 26, 2021).
[4] *See* https://www.judici.com/courts/cases/case_search.jsp?court=IL039015J (last visited May 26, 2021).

Because a review of the merits of Young's Petition requires dismissal, the Court finds it unnecessary to determine whether Young's Petition is timely or whether Young has property exhausted his state court remedies. Turning to the merits, the Court has made every effort to liberally construe the Petition and discern the relevant facts from within it. Young's Petition, however, is unclear and convoluted. It includes a number of seemingly unrelated arguments favored by the sovereign citizens movement that courts routinely deem frivolous. In short, Young challenges the legitimacy of the United States government, the Illinois State government, and the jurisdiction of the Circuit Court of Williamson County, Illinois over him because of his alleged status as a sovereign citizen. As a sovereign citizen, Young claims he is immune to prosecution, and cites a variety of irrelevant legal citations in support.

Sovereign citizen claims are summarily rejected because it has been clearly established that the laws of the United States apply to all persons within its borders, including the Petitioner. *United States v Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,'. . . that person is not beyond the jurisdiction of the courts."); *see also United States v. Phillips*, 326 Fed.Appx. 400, 400 (7th Cir. 2009) (relying on *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) to explain that a defendant's presence in the territory of the United States supplies personal jurisdiction). Accordingly, Young's arguments are without merit and provide no grounds for this Court to interfere with his criminal conviction. *Benabe*, 654 F.3d at 757 (collecting cases) (The Seventh Circuit repeatedly rejects "theories of individual sovereignty, immunity from prosecution, and their ilk."); *United States v.*

*Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law). Petitioner's sovereign immunity claims therefore fail, and his Petition must be dismissed.

### Disposition

For the above stated reasons, **IT IS HEREBY ORDERED** that the Petition (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

Rule 11(a) of the Rules Governing Section 2254 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). The undersigned concludes that Young has not satisfied his burden of showing that was entitled to relief on the merits of his petition. Reasonable jurists would not find this conclusion debatable. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: May 26, 2021

_____
DAVID W. DUGAN
United States District Judge